**UNITED STATES of America**

v.

**Donald G. JACKMAN, Jr., Appellant.**

**No. 06–2191.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) June 19, 2007.

Filed: Sept. 12, 2007.

Kelly R. Labby, Office of United States Attorney, Pittsburgh, PA, for United States of America.

Donald G. Jackman, Bradford, PA, pro se.

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Donald Jackman, Jr. appeals the District Court's order denying his motion filed pursuant to Fed.R.Crim.P. 41(g) for the return of firearms and other property seized during a search of his residence. In February 2002, Jackman was convicted of possession of an unregistered destructive device and pled guilty to possession of a firearm by a felon. He was subsequently sentenced to 262 months in prison. His conviction and sentence were affirmed on appeal. In a separate proceeding, the government filed for forfeiture of several of Jackman's firearms, and on November 19, 2003, the District Court entered a final order of forfeiture. Jackman appealed, and this Court dismissed the appeal as frivolous. *See* C.A. No. 03–4607. On March 24, 2006, Jackman filed the instant Rule 41(g) motion. On March 27, 2006, the District Court denied the motion. Jackman filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

We review the District Court's decision for abuse of discretion. *United States v. Chambers,* 192 F.3d 374, 376 (3d Cir.1999). Because the firearms have been forfeited to the government and be-

cause Jackman is legally prohibited from possessing firearms, the District Court did not abuse its discretion in denying Jackman's motion with respect to the firearms. *See United States v. Howell*, 425 F.3d 971 (11th Cir.2005)(holding that a convicted felon is not entitled to have firearms returned, held in trust, or sold for his profit); *United States v. Felici*, 208 F.3d 667, 670 (8th Cir.2000)(holding that a convicted felon is not entitled to return of firearms or to have firearms held in trust by third party).

■ Although Jackman focuses primarily on challenging the forfeiture of the firearms in his Rule 41(g) motion and appellate brief, he briefly mentions other property he alleges was taken by the government. Brief at 13. Jackman claims the other property was never returned but admits that he was not present during the search. *Id.* According to the District Court docket, Jackman has been in custody since his arrest. The government has submitted records showing that the items were returned to Jackman's residence. The property receipts Jackman has submitted show that several items were not taken by the government. Exhibit E. Furthermore, we note that Jackman sued several individuals, including his then-girlfriend with whom he shared the residence, and claimed that they wrongly disposed of his property after his arrest. Several of the items mentioned in his Rule 41(g) motion were also included among the items he alleges those individuals misappropriated, e.g., twenty-nine hundred dollars in rolled coins, twenty flashlights, gold pieces, clothing, and shoes. *See Jackman v. McMillan*, W.D. Pa. Civ. No. 06–cv–00051. In light of the government's submissions as well as Jackman's own allegations, we find it unnecessary to remand the matter for a hearing on the other property.

For the above reasons, we will **affirm** the District Court's March 27, 2006 order. Appellee's motion to supplement and expand the record is **denied.** Jackman's motion for the return of property is **denied.**